IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PERSONAL GROOMING CO LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>DRYFHOUT ENTERPRISES, LLC,<br>DRYFHOUT PROPERTIES, LLC,<br>MATTHEW DRYFHOUT, and ANGELINA DRYFHOUT,<br><br>Defendants. | Civil Action No. 25-1047-RGA |

MEMORANDUM ORDER

Plaintiff has filed an "action for replevin of . . . 36 trademarks, 18 patents, and 79 website domains." (D.I. 1 at 1). It has filed a motion seeking interim relief. (D.I. 12). The motion has been briefed. (D.I. 13; D.I. 37; D.I. 41).

Plaintiff has two theories.

Plaintiff's first theory is that, pursuant to Federal Rule of Civil Procedure 64, it can seek "any remedy available under state law to ensure property is available to satisfy a judgment, including, specifically, replevin." (D.I. 13 at 10). The problem with this theory is that replevin is available for tangible property, but trademarks, patents, and website domains are intangible property. In *Hughes Tool Co. v. Fawcett Publications, Inc.*, 315 A.2d 577, 580 (Del. 1974), the Delaware Supreme Court held that an action in replevin was not an adequate remedy at law because such an action could not recover a copyright through a replevin action. The same logic applies to patents, trademarks, and website domains. Thus, Plaintiff's Rule 64/replevin theory fails.

Plaintiff's second theory is that I should grant a preliminary injunction. What does it seek by way of this injunction? That I order Defendants not to "intentionally destroy, damage, sell, or secrete" the trademarks, patents, and domain names. (D.I. 12 at 3 (proposed order)). But Defendant has already agreed not to "destroy, damage, sell, or secrete the IP through the pendency of the [instant] Motion." (D.I. 27-1 at 8 (email dated Sept. 11, 2025)). Since both sides want to use the "IP," and Defendants have filed counterclaims asserting Lanham Act violations, there does not seem to be much risk that either side would intentionally destroy, damage, or secrete any disputed IP. There is perhaps a slightly greater risk that one side would want to sell the IP. Thus, I propose that Defendants confirm that they will not sell any of the IP during the pendency not just of the motion, but also of this action. Then, I can dismiss the pending motion and we can proceed to resolve the action.

IT IS SO ORDERED this 16th day of October 2025.

_____
United States District Judge