IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PERSONAL GROOMING CO LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>DRYFHOUT ENTERPRISES, LLC,<br>DRYFHOUT PROPERTIES, LLC,<br>MATTHEW DRYFHOUT, and<br>ANGELINA DRYFHOUT,<br><br>Defendants. | Civil Action No. 25-1047-RGA |

ORDER

This case was initiated by Personal Grooming, which claims it owns a long list of various patents, trademarks, and domain names. (D.I. 1 at 12-20). It seeks a declaratory judgment that it, and not Dryfhout Enterprises, is the lawful owner of the property. Dryfhout's answer denies that Personal Grooming owns the listed property. (*See generally* D.I. 36). Dryfhout asserts two counterclaims for trademark infringement and one counterclaim for fraudulent transfer. (*Id.* at 73-76).

There are 80 docket entries in the three months since the case was filed. One reason for the number of docket entries is that the parties keep filing motions and/or requests for TROs and/or preliminary injunctions and/or "immediate action." (D.I. 12 (Plaintiff); D.I. 43 (Defendant); D.I. 67 (Plaintiff); D.I. 77 (Plaintiff)). I denied the first of these. (D.I. 47). The second of these was fully briefed as of last week. (D.I. 71). The briefing on the third is not completed.

My view of how to handle these motions is heavily influenced by the Third Circuit's recent explanation of why granting preliminary injunctive relief is an "extraordinary remedy." I set forth its conclusion.

> Case preservation is thus the main reason that the benefits of a preliminary injunction may outweigh its risks. Courts may withhold this extraordinary remedy if a plaintiff's alleged injury does not threaten to moot the case. That approach is often, perhaps usually, the wiser course.

*Delaware State Sportsmen's Ass'n v. Delaware Dep't of Safety & Homeland Sec.*, 108 F.4th 194, 201 (3d Cir. 2024), *cert. denied sub nom. Gray v. Jennings*, 145 S. Ct. 1049 (2025).

I will have the power to adjudicate the ownership issue whenever the parties are ready to present it to me. The parties' current bickering cannot moot the ownership issue.

The issues in this case are not straightforward. They involve, among other things, allegations of fraud committed in England by "transfer . . . to an insider" as part of insolvency proceedings. (D.I. 36 at 76; *see* D.I. 44 at 1 ("fraudulently"); D.I. 71 at 6-8). There are other issues relating to property law issues that are not the usual fare of federal judges in Delaware. The parties cite the Intellectual Property Assignment (IPA) entered into between "Shellco" and Plaintiff while Shellco was "in administration" (D.I. 16, Exh. A) and they dispute its interpretation. I expect that it is a document that needs to be interpreted pursuant to English law.[1] These are the sorts of things that make granting a preliminary injunction a reluctant choice.

> Preliminary injunctions raise further problems. For one, "many preliminary injunctions [are] granted hurriedly and on the basis of very limited evidence." Time pressures limit adversarial testing. Affidavits drafted by lawyers are poor substitutes for discovery, live testimony, and cross-examination. . . . .
> Plus, this hasty process makes the district court jump to conclusions. A preliminary injunction "forces a party to act or desist from acting, not because the law

---

[1] The briefing so far contains quite a bit of non-expert assertions about English law.

requires it, but because the law *might* require it." In this sense, it is like "judgment and execution before trial."

Finally, forecasting the merits risks prejudging them. The trial process forces judges to keep open minds, considering questions from every angle before deciding. Preliminary relief short-circuits that process, freezing first impressions in place. True, judges will not always stick with those impressions—and the system trusts judges to update them as a case proceeds—but this flexibility becomes harder when an impression solidifies into a preliminary ruling. Even if judges keep an open mind, the parties and the public may see their tentative forecasts as the writing on the wall.

*Delaware State Sportsmen's*, 108 F.4th at 200 (citations omitted).

I understand that trademark law would recognize that Dryfhout has a rebuttable presumption that it is the owner of the trademarks. (D.I. 44 at 15 (citing the relevant statute)). Personal Grooming's main argument in response is that Dryfhout is not the owner. Personal Grooming rebuts the presumption with reference to a document that, as far as I can tell, has only lately been disclosed.[2]

Personal Grooming states Dryfhout's actions will drive it out of business in six months. Personal Grooming also suggests that the current state of affairs will likely lead to the same result as would have occurred had Solomon actually cut the baby in half. (D.I. 68 at 2).

For all of the above reasons, it is unlikely that I am going to grant anyone a TRO or a preliminary injunction. Thus, I would encourage the parties to come to some agreement that would permit the winner of this lawsuit to have a chance at thriving. Indeed, I direct that they

---

[2] On November 11, Personal Grooming said that it would be producing proof "this week" that the "Deed of Assignment of Intellectual Property Rights and Goodwill" was signed October 24, 2024. (D.I. 68 at 3). The copy on the docket is electronically signed and dated October 24, 2024. (D.I. 60 Exh. A at 8-34 of 49). The Deed of Assignment was not disclosed as soon as it might have been, which at least raises a question as to whether the Deed of Assignment might be back-dated. Thus, I understand Personal Grooming's representation to involve computer metadata or something else that would make the document's signed existence in October 2024 irrefutable.

meet and confer on this subject before I have any hearing. In the meantime, I will schedule a hearing on the two pending motions for a preliminary injunction. (D.I. 43; D.I. 67).

IT IS SO ORDERED this 19th day of 2025.

                                                  /s/ Richard G. Andrews
                                                  United States District Judge