**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| PERSONAL GROOMING CO LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>DRYFHOUT ENTERPRISES, LLC,<br>DRYFHOUT PROPERTIES, LLC,<br>MATTHEW DRYFHOUT, and<br>ANGELINA DRYFHOUT,<br><br>Defendants. | Case No.: 1:25-cv-01047-RGA |

**PLAINTIFF'S EMERGENCY MOTION FOR RELIEF REQUESTED, OR IN THE ALTERNATIVE, FOR A HEARING AND EXPEDITED BRIEFING**

1. Plaintiff Personal Grooming Co Limited ("PGC") brings this emergency motion for relief due to the substantial loss of its business caused by Defendants' blocking of PGC's sales in the United States. Although the parties are actively litigating competing claims as to the ownership of the "Bakblade" brand of back shaving and personal care products, Defendants have directed Amazon to take down PGC's product listings for Bakblade products on the ground that such products are counterfeit (based on Defendants' claim to own intellectual property rights and assets concerning the Bakblade brand). PGC cannot survive on the remaining cash flow and will be forced to shut down operations within the next two weeks unless it obtains relief from the Court now.

2. PGC's shutdown will trigger a destructive domino effect on PGC's parent company and related other companies, as they rely for their operations on the funds they receive PGC in exchange for their services to its business. Absent the continued operation of PGC's business, those other companies will be unable to engage in their own commercial activities, including

meeting their liabilities and paying employees, and will be forced to enter into insolvency proceedings.

3. Defendants' actions violate the order issued by the Court on November 19, 2025, concerning PGC's motion for a temporary restraining order and preliminary injunctive relief and Defendants' motion for preliminary injunctive relief. (D.I. 82.) The Court, noting that the ownership dispute was not straightforward, directed the parties to meet and confer for the purpose of "com[ing] to some agreement that would permit the winner of this lawsuit to have a chance at thriving." (D.I., at 3.)

4. Defendants have violated this order by intentionally taking actions for the purpose of causing PGC to shut down all business operations, preventing it from having any chance at thriving if it prevails in this litigation, and attempting to defeat PGC's claims in this lawsuit through extrajudicial means. Defendants have also violated this order by refusing to consider any agreement that would permit PGC to continue operations in the United States during this litigation.

5. If relief is not granted to PGC now, directing Defendants to restore all of PGC's Amazon product listings for the Bakblade products, and further directing them to refrain from again taking down such listings during the pendency of PGC's motion for injunctive relief, then PGC will have no choice but to cease operations.

6. This action concerns a dispute over the ownership of the Bakblade brand intellectual property rights and assets. PGC claims it acquired those intellectual property rights and assets by purchasing them from an entity known as Shellco 2021 Limited f/k/a Bakblade Limited ("Shellco") in October 2024. (Shellco was and remains in administration in the UK and acted through its court-supervised independent administrators.) Defendants contend they nevertheless acquired the rights and assets at issue by having them seized from Shellco in May

2025 and assert they were unaware of PGC's October 2024 purchase. PGC claims that Defendants learned of the purchase through multiple means.

7. On November 11, 2025, PGC filed a motion for a temporary restraining order and preliminary injunctive relief, seeking (among other things) to enjoin Defendants from causing PGC's product listings on Amazon to be removed and to permit PGC's continued sales on the on Amazon until the Court resolves the dispute over the ownership of the Bakblade intellectual property rights and assets. (D.I. 67.)

8. The motion followed Defendants' takeover of control of the Bakblade brand on Amazon, giving them the power to remove PGC's product listings, and also followed a meet and confer with Defendants in which they refused to consider any form of coexistence with PGC during this lawsuit. Instead, Defendants stated it was their active intention to take every measure to terminate PGC's business.

9. The Court has not decided PGC's request for a temporary restraining order.

10. In response to PGC's motion, Defendants successfully directed Amazon to remove all of PGC's product listings. While these listings were partially restored following PGC's complaint about the removal to the Court (D.I. 77), Defendants continued to block PGC from selling replacement blades.

11. On December 5, 2025, PGC received notice from Amazon that Defendants had directed the takedown of all of PGC's listings of Bakblade products on the ground that such listings were violating Defendants' patents and trademark rights. (A copy of the notice from Amazon is attached as Exhibit A.) Defendants' takedown directive also sought to damage PGC's reputation with Amazon by calling it a "bad actor" engaged in "abusive activity." Defendants have also

3

requested that Amazon deactivate PGC's seller account entirely, meaning it would be barred from any activity on Amazon. (Ex. A.)

12. The takedown of PGC's product listings during the holiday season, shortly before Christmas, is especially harmful to PGC's ability to continue in operations because it will be deprived of the opportunity to sell its products during the holiday season.

13. These actions violate both the letter and spirit of the Court's November 19 order, which PGC has understood to mean that the Court wanted both parties to remain in operation while it resolved the ownership dispute.

14. However, if the Court disagrees that this was the meaning of the November 19 order, or that PGC is not entitled to relief that would prevent it from being terminated, then PGC respectfully requests that the Court rule now on PGC's pending request for temporary relief pending the outcome of its motion for preliminary injunctive relief so that PGC may pursue appellate or other appropriate relief.

15. Accordingly, PGC respectfully requests that the Court grant the relief requested in the attached proposed order, or, in the alternative, to schedule this matter for an immediate hearing and set the following expedited briefing schedule: Defendants to have four days to submit opposition and PGC to have two days to submit any reply.

| OF COUNSEL: | MORRIS JAMES LLP |
|---|---|
| Joel H. Rosner<br>*Admitted Pro Hac Vice*<br>TARTER KRINSKY & DROGIN LLP<br>1350 Broadway<br>New York, New York 10018<br>Tel. (212) 216-8000<br>jrosner@tarterkrinsky.com | By: */s/ Cortlan S. Hitch*<br>Kenneth L. Dorsney (#3726)<br>Cortlan S. Hitch (#6720)<br>3205 Avenue North Boulevard, Ste 100<br>Wilmington, DE 19803<br>Tel. (302) 888-6800<br>kdorsney@morrisjames.com<br>chitch@morrisjames.com<br>*Attorneys for Plaintiff* |