IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PERSONAL GROOMING CO LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>DRYFHOUT ENTERPRISES, LLC,<br>DRYFHOUT PROPERTIES, LLC,<br>MATTHEW DRYFHOUT, and<br>ANGELINA DRYFHOUT,<br><br>Defendants. | Civil Action No. 25-1047-RGA |

MEMORANDUM ORDER

I have Defendants' motion for issuance of a letter of request for international judicial assistance. (D.I. 129). Some specific portions are opposed by Plaintiff. (D.I. 134; *see also* D.I. 137). I now resolve those disputes.

The letter of request is directed to two accountants who acted (and perhaps are acting) as insolvency administrators of Shellco 2021 Ltd., a U.K. company that entered administration in the autumn of 2024.

The only other background I need mention is that Defendants have asserted counterclaims (D.I. 36) and first amended counterclaims (D.I. 98) and seeks leave to assert second amended counterclaims (D.I. 138; *see* D.I. 138-2 (proposed second amended counterclaims)). Plaintiff moved to dismiss the initial counterclaims (D.I. 64), the amended counterclaims (D.I. 112) and opposes leave to amend to assert second amended counterclaims (D.I. 138 at 6 ¶ 14). Plaintiff's first motion to dismiss was terminated as moot on December 8, 2025. The second motion to dismiss (D.I. 112) is pending, and the motion for leave to amend to

assert second amended counterclaims is still being briefed. Thus, I have not actually opined on the viability of any of the counterclaims.

The initial counterclaims were three—two trademark claims and one count of fraudulent transfer. The first amended counterclaims include seventeen trademark and patent claims that depend on ownership of the relevant intellectual property. There are two counts for fraudulent transfer and one for unjust enrichment. The proposed second amended counterclaims include seventeen trademark and patent claims, two counts of fraudulent transfer, a count of unjust enrichment, a declaratory judgment count, and a count of fraudulent inducement.

The fraudulent transfer claims (some under Delaware law, some under U.K. law) have always been alleged to be the transfer of Shellco's IP assets to Personal Grooming, which appears to have occurred on or about October 24, 2024. (D.I. 36 at 76; D.I. 98 at 5; D.I. 138-2 at 41 ¶ 177).

Plaintiff objects to five of the sixteen topics for deposition. At this point, I think topic #2 seeks potentially relevant information; I think topics 7, 8, and 9, to the extent they exceed what is covered by topics 1, 2, 3, 5, and 6, are irrelevant considering the way the case is currently postured; and I think topic 15 is irrelevant. Plaintiff objects to seven of the thirteen requests for documents. I approve item 8 and I disapprove items 5 and 12 based on their association with deposition topics 2, 8, and 15, respectively. As to the other document requests, I reject items 1 and 13 as grossly overbroad,[1] I reject item 4 as seeking irrelevant information to the extent it goes beyond what is covered by item 2, and I accept item 9 as being relevant to the issue of determining the value of the transferred intellectual property.

---

[1] Defendants state that the relevant U.K. authorities have the power to limit document requests as overbroad. (D.I. 137 at 3). I assume this is true. I do not think, however, that means I should ignore overbreadth when I see it.

The motion (D.I. 129) is thus DENIED as written. Defendants should renew their Letter of Request in conformity with this Memorandum Order. Defendants should simultaneously provide a Word version of the document to chambers, as I noticed some typos I would like to fix.

IT IS SO ORDERED this 4th day of March 2026.

_____
United States District Judge